(Surrogate's Court, New York County. September, 1904.)

1. WILL—CONSTRUCTION—LOAN—INTEREST.
    A will provided that testator's interest in a partnership business might be allowed to remain therein if interest was paid thereon at 7 per cent. per annum, which was the legal rate at the time the will was executed. *Held* simply to show the testator's intent to secure the maximum rate of interest at the time the money was loaned, and not to make payment of interest at 7 per cent. a condition of the acceptance of the loan.

In the matter of the estate of William Wallace Wotherspoon. Decree rendered on accounting by executor.

Charles E. Lydecker, for executor.
De Witt, Lockman & De Witt, for accounting executor.
Charles O. Maas, for contestant W. W. Wotherspoon.
Hamilton & Beckett, for contestant M. H. Wotherspoon.
E. B. & W. J. Amend, for contestant Mary Helen Wotherspoon.

FITZGERALD, S. The desire to supply the means to enable his brother to continue for his own exclusive benefit the business which they both had carried on together as partners, and at the same time to withdraw from the hazard of loss his interest in the business and to secure its advantageous investment, seems to me to have been the motives that actuated the testator in incorporating in his will the provision

in regard to the partnership business. Seven per cent. per annum, the rate of interest he provided to be paid for the retention of his share in the business by his brother, was the legal rate at the time of the execution of the will; and the fixing of such rate by the testator was simply indicative of a purpose to secure the maximum legal rate of interest at the time of the inception of the loan, and no evidence whatever of an intention to make the rate which he designated a condition of the acceptance or consummation of the loan. The referee was therefore right in holding that the executor was accountable only for 6 per cent. interest on the one-half part of the decedent's interest retained as a loan in the business from October 11, 1888, to October 11, 1889, and on the other half part thereof from October 11, 1888, to October 11, 1893. The findings of the referee that the capital of the business which had been carried on by the executor and the decedent was $30,000, the interest of decedent therein $29,604.51, and the total profits from October 11, 1889, to January 8, 1891, $13,353.46, are supported by the evidence and are correct. The referee reports that $6,305.17 are the proportional share of the profits earned by $14,302.25, the decedent's one-half interest. It seems that the profits so earned are $6,588.70, as claimed by the contestants; but any question of the correctness of the figures, if not adjusted by agreement of the parties in the meantime, can be passed upon on the settlement of the decree. The other one-half interest of decedent retained as a loan in the business is properly held by the referee to be $14,165.25. The total profits earned in the business during the period between October 11, 1893, and March 8, 1898, in which said last-mentioned amount was employed, the referee finds to be $5,003.31. To this should be added the aggregate amount which the executor himself drew on account of salary from the profits of the business in the interval between February 1, 1894, and March 8, 1898. Matter of Peck, 79 App. Div. 296, 80 N. Y. Supp. 76. The proportional share of these profits with which the executor is chargeable is to be determined without reference to the manner or proportion in which he and his son arranged by their copartnership articles for a division of profits among them. Matter of Talmage, 39 App. Div. 466, 57 N. Y. Supp. 427, affirmed 161 N. Y. 643, 57 N. E. 1126, where interest was allowed on a loan made under circumstances similar to those existing in the present case, for a period beyond the time prescribed for its payment, has no application to this case, as the question here at issue was not involved in, and, from the nature of the case, could not have been involved in, that matter. An error appears on page 9 of the report as to the time of the admission of decedent's will to probate, which should be corrected. Except as it requires modification in accordance with the foregoing, the referee's report is confirmed. The disposition which the referee has made of the findings both of fact and law proposed by the contestants is correct, with the following exceptions: Finding of fact numbered 5, and conclusion of law 10, should have been allowed, instead of refused. The referee very properly refused to find the first conclusion of law proposed by the contestants, but accompanied the refusal with an explanation which is somewhat confusing. His two interlocutory decisions and his rulings during the course of the trial, however, disclose and define his real

attitude in the premises, and should be considered in connection with his explanation. Notice, costs, and decree for settlement.

A clerical error has been made in stating that contestants' proposed finding of fact 10 should have been allowed by the referee. There was no such finding proposed by the contestants. Contestants' proposed conclusion of law numbered 10 was what was intended. It should have been allowed, instead of refused, by the referee.

Decreed accordingly.